Good morning. Good morning and may it please the court. My name is Leah Nichols and I represent the appellant Michelle Nemphos. Michelle Nemphos brought state law claims against the defendants because they marketed their products with fluoride or added fluoride as being especially good for kids when in fact consumption of fluoride by children 8 and younger is especially harmful. The district court's decision below that Ms. Nemphos claims are preempted should be reversed for four reasons. Very quickly they are. First with regard to the infant-formed baby food the district court must be reversed because it failed to explain why those claims are expressly preempted and the manufacturers argument that a fluorosis statement is an unauthorized nutrient content claim or health claim preempted by 343-185 fail because a statement that a fluoride consumption by young children can cause fluorosis does not suggest a certain amount of the nutrient in the food as is required for an implied nutrient content claim and it would also and if it were a health claim it would also be a safety warning that is exempted from preemption altogether. Second. So you concede it's not a safety warning? Yes your honor. But if it is a health claim the F unfortunately for us the FDA has said that it's only a set out. One could make the argument that Congress set up a two-tiered two-two ways system here in fact I thought that was the gist of your argument and the FDA can regulate and also states can regulate. Absolutely. So the states could have a more rigorous state warming in a given case even if the FDA had found that there was a need for a health warning but you're conceding that that is not this case is that correct? Your honor to the well you just did so to the extent that is a you know if it is something that is harmful to health then it's a safety warning. But I thought you just told me although I read your complaint and I thought you made the allegation that this was harmful to health you just in the first two minutes of your argument conceded that this is not that case. If it is a health claim the argument your honor is that if it's a health claim and maybe I misspoke if it's a health claim then it's also a safety warning. So if their argument under that's a health claim. I just asked you that in the beginning so what you say about that and you said in response to me well the FDA has said it's not a health problem. That is what the FDA has said. I know that that's what the FDA has said and remember I said in you I thought that there could be two tiers. Yes. One and I thought that that's what your claim was. You could make state law claims and you could make claims that you there was some sort of violation of federal law. But that you now have conceded to me since the FDA has determined this you don't have a state law claim with respect to this being a health warning. Is that correct? Um it is our argument your honor is that with regard to a if it's a health claim it is also a safety warning and that is our argument here. I'm sorry but I thought you said it wasn't a health claim so that it isn't a safety warning. It's not a health claim under 85. Well let me ask you in terms of pleading. Maybe we can short-circuit this. I didn't see any allegation in there that CGN consumed Gerber infant formula. There's nothing in your complaint about that. So why do we need to argue about that? I believe I'll have to well there is there's also the baby food claims and the infant formula claims that are the infant formula that is that was manufactured by the defendants. So well how does brown spots on one's teeth create a risk to one's health? Well your honor it is what it damages the crystalline structure of one's teeth and that's that's a fact about fluorosis that's what it does. But not a health claim? It is it is the warning statement that we're reviewing is not a health claim under. This is a health claim or a safety claim as opposed to an aesthetic matter then those exceptions simply swallow the rule. I mean these are very realized they're those exceptions but but these are very broadly worded preemption provisions. Well is that is that your position that these are broadly I mean no absolutely not your honor. It's not a broadly worded preemption provision. It regards to the bottled water claims if we focus on a one of the preemption provision is the one that's at issue here where it says a one talks about saying that the state requirements that deal with a standard of identity are non-identical state requirements. Is any requirement for a food which is the standard of identity? There is a standard of identity that covers bottled water. The best reading is that provision. Right? That is correct but that's not the best way to read that's not the correct way to read the statute. So the correct way to use this but I keep coming back you say it's not the best way to look at the statute but it says any requirement for a food which is the subject of a standard of identity that is not identical to I mean it the Congress could have used the word similar but it didn't it used the word identical. Your honor in A1 what they're talking about there what's the subject of a of a standard of identity is the requirement not the food and that is what the FDA has stated about this provision that's consistent with what the Supreme Court has said about the preemption provisions. So in the regulations promulgating the water standard of identity the FDA said quote a state may not establish or can you in effect a standard of identity for a food that is the subject of a standard of identity under section 401 if the act if the state standard is not identical to the federal standard. So what that's saying is what that means is that the only thing that's preempted by A1 are state requirements actually dealing with the standard of identity not any requirement under the Sun that may relate. It doesn't say that though it says any requirement for a food which is the subject of a standard of identity. In your recitation of it you simply omitted some of the statutory language. That wasn't my recitation your honor that was the FDA's recitation. I'm talking about the statutory standard. The statutory well that's the FDA well first that's the FDA's interpretation of the statute. That is consistent with what the Supreme Court has said about the statute which is that all the provisions in A1 have to be this is in Palm Wonderful it's mentioned in our 28 J letter that the provisions in in A1 are all to be the only thing that's preempted our state requirements that are of the type of requirements that are listed here. So saying that all that's preempted by A1 our state requirements going to the standard of identity are is that as well. It's also the only interpretation... The warning is a state is a state requirement you agree with that? Yes. Why wouldn't it be different not identical to the federal standard of identity? Well with it's not identical to the standard of identity because it just doesn't have anything to do with the standard of identity. So it has to be of the type of the thing referred to in the preempted our state standards of identity and the warning doesn't go to a standard of identity it's just not about that. A standard of identity is the definition of a food it's a it deals with what that food consists of it deals with what ingredients must may and cannot be included in that food that's the standard of identity. The standard of identity does not say anything and no standard of identity says anything about the effects of certain ingredients in the food on consumers. So the standard of identity for bottled water is the description which is bottled water is water that is intended for human consumption and that is sealed and bottled or other bottles or other containers with no added ingredients except that it may optionally contain safe suitable antimicrobial agents and fluoride may optionally be added within the limitations established later in the regulation. It goes on to talk about what mineral waters. You seem to say well the standard of identity is you know doesn't really cover very much at all but doesn't it cover fluoride content and labeling and and warning labeling? With well there's three things in there your honor. One it does cover the fact that fluoride may be included in as an optional ingredient absolutely. So for example that would preempt Marilyn from saying fluoride must be included, fluoride cannot be included because it's optional under the federal standard of identity. Absolutely that's included. With regard to the last point about warnings about fluoride there is no warning about the effects of fluoride that's included in the standard of identity. It doesn't cover that. So it what it does say and I think that maybe the the defendants made much of the fact that later on in the regulation and what is actually the standard of quality not the standard of identity. The standard of quality is governed by a different preemption provision not a one. It does say that if it if the bottled water includes over a certain amount of fluoride then it must make a statement saying contains excessive fluoride and by the way that's true of any particle that may appear. Where are we going to get all these all these claims? What's the source of them? State law your honor. But there's no is there any state statute addressing this point? The claims are there's no state statute specifically addressing this point the claims here are brought on you know tort negligence and then also under the unfair and deceptive practices. But how are we going to make the warnings up? Your honor that's a question of state law and that's. We should find that Maryland law wouldn't wouldn't if you're only relying on Maryland common law there is no Maryland statute that you can point to correct? Well the Maryland unfair and deceptive practices. Okay if we found that there was no statutory or common law cause of action then you or your complaint would fail on that ground wouldn't it? Right it it's it brings state law claims if there's no if there's no basis. I mean one of the questions one of the questions you know I'm not a particular expert in the science here and are we supposed to just make these the content of these warnings in federal court? Are we supposed to make this all up from the bench? Your honor if this were to move forward. This has a excessive fluoride or not the the FDA went through a long discussion of this and then where there were fluoride exceeded the standard of identity levels it was require a warning contains excessive fluoride at least they consider that and rejected it I guess but they the FDA has been over this particular subject in great detail based on scientific reports in the rest and given the fact that they've looked at it in this detail I'm a little uncomfortable with simply devising the content of a fluoride warning in the absence of any state law case addressing this particular subject and in the absence of any any Maryland statute if a Maryland legislature had moved maybe we would have a different case or if the Maryland courts had addressed it maybe we would have a different case. Your honor your honor we are not asking for anything that the FDA has already stated the FDA has already stated that fluoride causes fluorosis and children when consumed by children eight and under. But they also say it's aesthetic if it's under a certain level and it's 0.08 in this case as I understand it. No that that's not quite right your honor what they've said is that certain types of fluorosis more mild forms of fluorosis are are merely aesthetic now more severe forms will make your teeth fall out and then we get into the you know what is much more clearly a health and safety question whereas here the FDA at any rate has said that it's merely aesthetic when it's more mild. Now with regard to you referenced the 0.8 the amount that's in the bottled water doesn't the concentration doesn't dictate the level of fluorosis what dictates the level of fluorosis is the total amount of fluoride consumed at particular important points in development. It doesn't matter sort of that that the you're not gonna be protected from fluorosis because there's only 0.8 parts per million in the city of Baltimore's fluoride level is 1.0 which exceeds what the bottled water in this case was. That's correct your honor and you'll note it and this is discussed in the record is there in the briefing that something of 10 years ago about 43% of young teenagers had fluorosis and that number is on the rise as more and more water with added fluoride comes. It doesn't the federal you say the federal standard of identity doesn't have anything to do with this but I'm not sure that's true there's a federal standard of identity does contain a warning which is contains excessive fluoride if it exceeds acceptable level they've they you have a standard of identity and you have a specific warning here if it exceeds acceptable levels which is contains excessive fluoride and whatever warning you want to come up with I'm not I'm just not sure it's identical to the the federal standard of identity and I'm not sure why the federal standard of identity doesn't address this precise problem because it establishes a range for things to be done marketed as establishes what you do if it exceeds that range your honor what it doesn't do what the no standard of identity does this not for bottled water or any other food what it doesn't do is talk about the effects of those ingredients it doesn't talk about effects and that's the issue here the standard of identity is what I mean what where are we going as a practical matter here I mean our courts across the country going to without any state legislative guidance going and without the scientific expertise that that we need without any state court decisions or whatever just going to you know run this whole thing from federal courts and essentially cut the agency out and essentially as far as I can see cut the states out but you're just you're asking us to just come up with something and I don't I don't get it your honor the Congress has said that the only thing that is preempted here are things that are expressly preempted and the only thing that is expressly preempted under a1 our state standards of identity and this is not a state standard of identity FDA decided not to require the exact warning that you're seeking to have us establish today your honor what it did it did may I quickly answer the question the FDA was discussed that in in promulgating the rule however just because it rejected that that's both consistent with the fact that there's no statements about effects anywhere in any standard of identity and to just because the FDA has at any point considered it does not mean that it's prohibited states from acquiring it and that's you know you can see the Supreme Court's jurisprudence and spritzman Williamson on that good morning your honors and may it please the court my name is Kate Stetson representing the appellees judge Wilkinson I want to start with your question about the standard of identity preemption provision because you are correct it's very broadly worded particularly in comparison to the other provisions that follow it if you look at section 343 1a 1 it is just as you say a preemption provision that applies to any requirement for a food which is the subject of a standard of identity that is not identical to such standard of identity now let me make a couple points about miss Nichols's argument here miss Nichols mentioned something about how the standard of identity has to be of the type the words of the type do not appear in section a1 except at the very end as pertaining to maple syrup and we're not talking about maple syrup so there is nothing restraining the preemptive effect of section a1 except for that first couple words any requirement any requirement expressly preemptive oh it does yes but but we know that that is something of a instead of saying abroad in other words there's no implied preemption here there's no big so I take your point though yes yes but and and our contention and the safety exception would be an exception from this but they're not contending that that's that's correct yeah and we've never contended that preemption is kind of lurking somewhere in the statute we're contending that this express preemption provision covers exactly what miss Memphis is claiming so with respect to bottled water bottled water is subject to an incredibly detailed standard of identity if you look at section 21 CFR 165.1 10 it goes on for pages and pages and pages and judge Wilkinson you're quite right that among the things that that standard of identity and standard of quality do is to provide in 165.1 10 C and express warning in the event that fluoride exceeds a certain concentration so it is it is impossible to wedge in a state requirement pertaining to fluoride that isn't already taken up by these standards of identity set quite precise levels and in this case they show what to do if you exceed the levels I mean one of the things I'm worried about is is just what we do to food labeling in this country it seems to me that Congress did want a certain amount of uniformity as a consumer I know personally I rely on that uniformity and you know if you move from one state to another and confront a welter of warnings and this and that number one I don't know how companies very easily comply with that because what they do is you know they market a product nationally and if you're going to have different warnings in every different state with a national bottled water company that just adds tremendously to the expense but in addition it is confusing for consumers who you know what the what what the plaintiffs are trying to do here is establish a warning for something that the science at the FDA has said is safe it's within permissible limits and or you know that it's permissible and you know this is odd thing to have a failure to warn claim which doesn't fit within an exception and a failure to warn claim for something that federal standards have said is is perfectly permissible we'll warn you that this is dangerous in all kinds of ways notwithstanding the fact of the federal senators said it's permissible and then we're supposed to make it all up from the federal bench I don't get it I wonder where you know I wonder where we're headed with all this can I ask you about the failure to warn claims with respect to the baby food and infant formula yes there's no standard of identity there right there's no standard of identity pertaining to infant formula and baby food that's correct and the and so what is your contention there I gather that they don't make any safety exception claim there either is that correct that's correct that's correct a couple things about the infant formula and baby food first judge Floyd you're right that it's that the complaint is rather opaque about the extent to which CG and consumed formula and baby food and second with respect to both of those items there's no contention that there was any fluoride added to infant formula and baby food in fact there can't be under the federal regulations so what we're left with is this contention that that some formula or some food unspecified must have contained fluoride that contributed to CG and fluorosis despite the fact judge Floyd that Baltimore's water contains more fluoride than than anything that could be found either in the bottled water or formula when you say nothing was added do you mean your clients then were responsible for any fluoride that was in the product is that what you're saying I think any fluoride that was in the product was was from the carrots that were already exactly was it was a component that that went into the product no it was made there was no additional fluoride contributed to it so what you're left with by way of a warning is a suggestion on the label of an infant formula package or a jar of baby food that says this could contribute to fluorosis that is quintessentially an implied nutrient content claim and it's an implied nutrient content claim because as Ms. Nichols said that claim in itself doesn't state the level of nutrient that is contained in the product but it implies that it's there and that's exactly the problem under under a five at the preemption provision anything that that suggests that a nutrient is present or absent in a certain amount is preempted unless FDA has expressly permitted that nutrient or the lack of nutrient to be addressed so with respect to baby food and formula it's it's a little bit opaque just because of the nature of the complaint but the implied nutrient content claim preemption plainly plainly covers it and judge Wilkinson just to return to your earlier point I I agree with you fully I think what what this case portends is a situation where hundreds or thousands of play it's just chaotic it is yes and and there's no there's no evading the fact that when it comes to this particular product or these particular products FDA has spoken and it has spoken with a level of detail and rigor that is remarkable in its in its breadth so when it comes both to the bottled water preemption and to the infant formula and baby food preemption the the claims clearly fail let me make one point about the the request at the end of Miss Memphis's brief relief to amend Miss Memphis has filed this complaint and has pursued it on three different occasions she first filed a complaint and then dismissed it filed a complaint amended it and then dismissed it she filed this complaint she is now seeking leave to amend there's there's no reason to grant leave to amend because there's nothing to amend everything is preempted and in any event the district judge clearly didn't abuse his discretion in denying Miss Memphis leave to amend a fourth time I read the record you made a motion to dismissed on grounds other than preemption as well we do that is that incorrect can you outline that for me a little bit certainly so there are there were six claims in the complaint and actually as I read the judge's opinion only only two of them remain at issue yes because mr. maybe just review it with respect hasn't challenged right those are the only two that are at issue exactly so with respect to the claims wanted to the strict liability and negligent negligence claims those are the two that I understand to be still at issue the fraud claim was also dismissed based on 9b and Miss Memphis has not appealed by MCPA same thing Miss Memphis hasn't appealed it and the breach of implied warranty was also not appealed so we're talking about strict liability and negligence and within that realm we're talking about design defect and failure to warn both both of those are are amply taken up by the federal regulation of bottled water and infant formula and baby food well I understand your preemption claim I thought you made a separate you know even if the preemption was not an issue here even if this was a state law claim for some reason I thought you made the argument that the complaint failed to state a claim under state law am I incorrect in that it was hard to tell because the joint appendix is so small yes yes it we did we made several arguments below some of which the district judge took up and some of which I'm only interested in the ones about the two claims that remain here I mean what I'm asking you is you did you make a claim did you make a argument other than preemption with respect to those two claims we made a Twombly argument with respect to those two claims we that's what I'm asking you yes tell me a little bit about we we contended among other things that the complaint because of its as I've explained causation nor can it really when when bottled water is viewed as a substitute for Baltimore drinking water Baltimore drinking water as judge Floyd observed earlier is higher in fluoride than bottled water it's impossible to tell from the face of the complaint how much water CGM consumed how much baby food what baby food how much formula what formula that there are there are a the complaint that we think are quite susceptible to a Twombly challenge the district judge didn't need to reach that with I understand right right and understand your but with respect to other than bottled water you made that if you told me sort of the gist of what you said with respect to your Twombly claim other than bottled water yeah yes I mean the gist is what I have said that the allegations simply are too bare and lacking to link up causatively infant formula and baby food with fluorosis what about the marketing claim from a pleading point of view I didn't see any allegation about a claim for marketing baby food is there one in there there there is not a specific claim about the in the fraud claim and in the MCPA claim that's where that's where the allegation is sharpest that the defendants marketed their product in a in a way that was misleading or false well the good for kids portion of the claim only advertising claim I'm just curious as to whether two separate companies at bottled water would have the same identical phrase on their on their bottles your honor I had the same question reading that complaint that the problem is we can't resolve it because we don't know where that phrase came from it what it isn't it isn't explained in the complaint but to the extent that there is a challenge directed at that particular marketing statement the one designed with kids in mind that that challenge that that claim goes directly to the fraud and the MCPA claims when it comes to the negligence and strict liability to the extent that there's marketing wrapped up in that at all when it comes to statements pertaining to advertising but let's assume that this was an advertising and not on the bottle the Supreme Court has said in Cordell the case we cited in our in our brief that anything accompanying a label is counts as labeling under the definition of labeling which is you know I was I have a question about that hypothesize I quite understand your label but suppose there's a billboard but that's first of all there's there's no suggestion on the face of this complaint that this sure which is a problem but you know we I understand Twombly but then on the other hand you know you if you there's also law about reading complaints fairly for the for the plaintiffs right we get into discovery I think the most that we can say about that statement in the complaint and again it surfaces in the background and then in the fraud and MCPA claims which which are were dismissed for different reasons and not appealed but the most that we can say about it is that it clearly is a meant to be sold which is exactly the definition of labeling under 21 USC 321 M it's exactly what the Supreme Court in Cordell held what the Supreme Court in court Cordell held is when you have a product labeling is marketing your label you mark it through your labels but you could market through a billboard too you could but but what what the Supreme Court in Cordell said is every label is in a sense an advertisement and every advertisement is a label so it doesn't matter saying that a billboard would come within this definition I don't I don't think you really do think that I don't I don't think the court needs to hyper extend itself they haven't alleged right right I don't I don't think the court needs to reach to conclude that I think it's enough to conclude that where the statement obviously is wrapped up in the marketing of the very thing that is sold that it's clearly accompanying the labeling and and after all you look at the the challenge that Ms. Nempfos is bringing and the relief that she seeks is as Judge Wilkinson said earlier it's a warning it's a warning as to fluoride so it all ties back to the label and to the labeling and to the federal government's statements we're talking as I understand the parameters of this case we're talking about statements and warnings and labels and what-have-you all within all attached to the actual product itself am I am I correct about that we're talking about the wraparound to the actual bottled water or something that's on the packaging or whatever I don't necessarily understand this to be talking about something which is extrinsic well to the product I think Judge Wilkinson in candor it's impossible to tell from the complaint what what the plaintiff is talking about but but my point is even if you seem to me the briefing here seemed to indicate that we were talking about intrinsic to the product or part of the packaging of the product attached to the packaging of product or or that part of the wrapping of the product or something that I mean that was the impression I got from from reading these all these materials no I think the I think the most the most accurate impression unfortunately is is not a particularly detailed one which is this statement accompanies the sale of the article it is it is sold as the one designed with kids in mind but my point is even if you take that as something extrinsic to the bottle even if it is a wraparound or on the container or on a sign next to the product in the store that's all labeling as far as the federal government is I think it is I think it is safe to say that there is a strong nexus particularly again when you look at what what miss nemphos is alleging what she is claiming is that there should be a warning on the label pertaining to fluoride that that warning plainly is preempted by the federal regulations we've already discussed so whether you would you take that marketing statement is something that appears on a sign next to the product or on the wraparound of the product on the container of the product on the bottle itself that statement is wrapped up in the labeling and that gets you right back to section a one's broad preemption provision which says any requirement for a food that is subject to a standard of identity and this one plainly is what they want is a warning and they want that warning with respect to a food which is the subject of a standard of identity and you can't get to where the plaintiff wants to go by trying to standard of identity because it it just says a food which is subject to a standard of identity that's right and that's that language is this the language of food which is subject to a standard of identity is broader than something that says any requirement inconsistent with a standard of identity or what what have you it's that it's that language any requirement for a food which is the subject of that's that's what that's what broadens it that only applies to the water it applies to the water but but you're right judge Wilkinson it's it's distinguishable from the other preemption preemption provisions that follow it it's broader than three and four yes I'll talk about for the labeling of food yes one design narrower but but but this language is broader than those subsequent provisions and that's even without getting to the words any and identical I mean these preemption provisions are written differently and of all the lot this one is the broadest yes that's correct that's correct particularly when you take into account the way that FDA has defined not identical it's it has said that means obligations that are not that is not within the standard of identity is off-limits a state can can pass a parallel law identical to the standard of identity but it can't regulate beyond that and that of course is exactly what Miss Memphis is seeking to do so with respect to it isn't just a floor there are two types of preemption provisions their floors right and their ceilings this has to be a ceiling oh it's it's clearly a ceiling the way that it is constructed yes your honor I see my time is up if there are no further questions thank you miss Nichols would be happy to hear from you and Roboto I'll begin with what was a discussion at the end which is the scope and unreading of the a1 provision your honor if the reading proposed by the defendants is correct that's an if a state has a regulation that requires milk to be refrigerated at 40 degrees it is preempted that means that if a state says you know here are some important you know handling procedures of certain foods that is preempted if a state has a requirement that is identical to other labeling requirements what we're doing here is we're dealing with or request of a failure to warn and to win your case you have to prove that the warning you want the warning is not a requirement as the statute speaks about requirements and if there's a if you put something if you require that we put something about fluoride on the packaging of the bottle of warning that warning is a requirement we don't need to go into these broad hypotheticals we just need to look at what's before us and that is you're seeking a warning which is a requirement on a subject in which the FDA has investigated thoroughly exhaustively and based on the best scientific evidence has set has set a permissible range your honor based on the best scientific evidence the FDA has said that fluoride causes fluorosis when that's the FDA's conclusion it did not require a warning in the standard of identity because that is not what a standard of identity does so just to address a couple of other points and again if the reading I want to stress if the reading of a1 is as broad as you suggest then literally any requirement with regard to a food is preempted just because it happens to have a standard of identity warning you want is a requirement that's all we need to do it is a requirement it's not a requirement having anything to do with the standard of identity and therefore is not preempted by a1 you keep we've been over this but you keep omitting the lines any requirement for a food which is the subject of a standard of identity that well difficult the textual hurdle as I see it the way that the text should be read your honor is that any requirement for a food which is a standard of identity so it's the requirement that's subject to the standard yeah the right you would admit this food a bottle of water of your food for purposes of this section you would admit that this is the subject of a standard of identity it is yes I'm too quick any changes said at this minute given the fact that you fail to file a separate motion requesting leave to amend why should we grant you leave to amend your honor I see my time is up your honor that we didn't file a separate motion but that's because the district court found that everything was preempted anyway so at this point you know we're asking for a reversal and remand to give us the opportunity to do just that can I ask you a question about your advertising claim what is it that claim with respect to the advertising so our claim with respect to the advertising is that it's misleading and that it promotes bottled water with added fluoride for both companies which have two different slogans all aspects not just what's on the label or in the store display but in the way that the bottle is designed in the way that they advertise on the internet there's actually we submitted in below information about the way that they it's not just you know there's no contention that it's limited to things that accompany the bottle here that's not it's much much broader than that we've made that clear in the briefing in this court and that made that clear below by submitting information about the way they advertise their products on the internet we'll come down and brief counsel and then just take a very brief recess
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Henry F. Floyd